IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 89-CR-50009-MJR |
| | ) |
| CARLOS VELARDE, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM and ORDER

REAGAN, District Judge:

Seventeen years ago, Carlos Velarde was convicted of possessing with the intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 841. At that time, the case was assigned to the Honorable William L. Beatty, United States District Judge. Velarde appealed Judge Beatty's denial of a pretrial motion to suppress. In June 1990, the United States Court of Appeals for the Seventh Circuit affirmed Judge Beatty's suppression ruling, finding that the search of Velarde's vehicle did not exceed the scope of a permissible inventory search subsequent to a lawful arrest. *U.S. v. Velarde*, 903 F.2d 1163 (7th Cir. 1990).

In February 1994, Velarde moved to vacate or set aside his sentence under 28 U.S.C. § 2255. After soliciting and reviewing briefs, Judge Beatty denied the § 2255 motion in May 1994. In April 2001, Velarde moved to modify his sentence, pursuant to 18 U.S.C. § 3582. Again, Judge Beatty set a briefing schedule on the motion.

After Judge Beatty passed away, the case was reassigned to the undersigned District Judge, with the motion to modify sentence pending. The undersigned Judge denied that motion in November 2001, and Velarde appealed the denial. In July 2002, the Seventh Circuit issued a mandate affirming this Court's decision.

Four and a-half years passed. On February 16, 2007, in the above-captioned closed criminal case, Velarde filed a "Petition to District Court for Recommendation to Court of Appeals for a Recall of Mandate" (Doc. 72). Velarde asks the undersigned Judge to "sua sponte request" that the Seventh Circuit recall the mandate issued herein, based on a fairly recent decision by the Ninth Circuit Court of Appeals – *Carrington v. U.S.*, 470 F.3d 920 (7th Cir. 2006).

The United States Supreme Court and the United States Courts of Appeal possess the power to recall a mandate issued to an inferior court (such as this District Court). But this power must be exercised only in extraordinary circumstances and is "to be held in reserve against grave, unforeseen contingencies," since recalling a mandate violates the profound interest in repose attaching to appellate court mandates. *Calderon v. Thompson*, 523 U.S. 538 (1998); 2A FEDERAL PROCEDURE, Lawyers Edition, § 3:1021 (June 2006); 36 C.J.S. Federal Courts § 754 (Feb. 2007). In general, a federal court of appeals cannot recall its mandate to "revisit the merits of an earlier decision." *Calderon*, 523 U.S. at 558; *Bell v. Thompson*, 545 U.S. 794, 803 (2005).

In the case at bar, no circumstances exist which support the Seventh Circuit Court of Appeals taking this extraordinary step, and the undersigned District Judge

declines to "recommend" that the higher Court do so. Accordingly, the Court **DENIES** Velarde's February 2007 petition seeking a recommendation that the Seventh Circuit recall its mandate (Doc. 72).

 IT IS SO ORDERED.

 DATED this 16th day of March 2007.

         <u>s/ Michael J. Reagan</u>
         MICHAEL J. REAGAN
         United States District Court